## JOHNSON, AUDITOR, ET AL. *v.* STATE OF INDIANA, EX REL. BRYAN.

[No. 22,360. Filed November 20, 1913.]

1. TAXATION.—*Tax Sales.—Redemption.—Cost of Advertising.*— Under §§10355, 10356 Burns 1908, Acts 1891 p. 199, §§184, 185, providing for the advertising of lands to be sold for delinquent taxes, by posting and by publishing in some weekly newspaper, that the expense of the printing shall be paid out of the county treasury, and shall not exceed twenty cents for each description, and that lands sold for delinquent taxes may be redeemed on payment of the purchase money, together with costs of sale and fifteen per cent. penalty, the expense of printing is a part of the necessary cost of the sale, and the fact that it is payable out of the county treasury does not relieve a redemptioner from paying the same together with the other costs of sale before he is entitled to a certificate of redemption. p. 462.

From Lake Circuit Court; *Willis C. McMahan*, Judge.

Action by the State of Indiana, on the relation of Louis A. Bryan, against Charles A. Johnson, Auditor of Lake County, and another. From a judgment for relator, the defendants appeal. *Reversed.*

*J. Frank Meeker*, for appellants.
*Otto J. Bruce* and *Edwin T. Knight*, for appellee.

ERWIN, J.—This was an action by appellee against appellants, as auditor and treasurer of Lake County, on a complaint in two paragraphs asking that a writ of mandate issue to compel appellants to issue to him certificates of redemption from sale for delinquent taxes, and to accept certain moneys tendered in payment therefor.    There was an answer in general denial, and an agreement that all matters in defense should be shown under that issue; trial with special findings of facts and conclusions of law thereon.

The only question presented by the record is whether the treasurer is entitled to collect, as a part of the costs for redemption, twenty cents for each lot or parcel of land advertised for sale for delinquent taxes.

The answer to this question depends upon the construction to be given to §§10355, 10356 Burns 1908, Acts 1891 p. 199, §§184, 185.    Section 10355 provides among other 1.    things that the auditor shall cause a list of all property which shall have been returned as delinquent for taxes to be posted at the door of the courthouse and also in some public and conspicuous place in each township, at least three weeks before the day of sale, and shall have such list printed in some weekly newspaper of the county, for three consecutive weeks before such sale.    And in such list it shall only be necessary to state the aggregate amount of taxes, penalty, interest and *costs* due thereon, including the taxes for the current year; together with a notice that so much of said lands and lots as may be necessary to discharge the taxes, interest and charges which may be due thereon will be sold.    And it is further provided that the expense of such printing, when had, shall be paid out of the county treasury, and shall not exceed twenty cents for each description.    Section 10356, *supra,* provides that the owner or occupant of any lands sold for delinquent taxes may redeem the same at any time during two years, next ensuing; and if redeemed after six months, and within one year, he

shall pay the purchase money, together with *costs* and fifteen per cent. in addition as penalty.

The court in its findings of facts, found the sale to have been regular, and found that appellee had tendered the full amount due in each case, with the exception of the twenty cents for advertising each separate tract or lot.   On these findings, the court rendered its conclusions of law that the county was not entitled to said twenty cents, and entered judgment, commanding appellants to issue the proper certificate of redemption to appellee.

It will be noted that it is provided by the statutes above quoted that the redemptioner must pay the purchase money paid at the sale, together with the penalty thereon and *costs* of sale.   The statute requires that advertisement shall be made of the lands to be sold, and fixes the fee for said advertisement at twenty cents for each description.   This twenty cents is a part of the costs of the sale, made necessary by the statutes.   The fact that the printer shall be paid therefor out of the county treasury does not relieve the redemptioner from paying all the costs occasioned by the sale before he is entitled to a certificate of redemption, including the costs of advertising.   It must follow that the court erred in its conclusions of law.

The judgment is reversed, with instructions to the court below to restate its conclusions of law in favor of the appellants and to render judgment in favor of appellants.